IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELBERT BROWN,

    Petitioner,               No. 2:12-cv-0217 GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.           ORDER & FINDINGS AND RECOMMENDATIONS

/

I. <u>Introduction</u>

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's motion to dismiss certain claims for failure to exhaust, filed on April 2, 2012. Doc. 7.

II. <u>Analysis</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971);

Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

It is not enough that all the facts necessary to support the federal claim were before the state courts, Picard, at 277, 92 S.Ct ., at 513, or that a somewhat similar state-law claim was made. See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995). The habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514. See also, Rose v. Lundy, 455 U.S. 509, 102 S .Ct. 1198, 1204 (1982).

Petitioner has the burden of proving exhaustion of state court remedies and in California a petitioner must present his claims to the California Supreme Court. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

Discussion

Petitioner raises two claims in the instant federal petition: 1) ineffective assistance of counsel for failing to request a limiting instruction regarding petitioner's prior crimes; and 2) ineffective assistance of counsel for failing to seek to exclude petitioner's prior crimes. Respondent notes in his reply that after the filing of this motion, the California Supreme Court denied petitioner's habeas petition regarding claim two, therefore that claim is exhausted. However, respondent maintains that claim one remains unexhausted.

Both claims were raised on direct review before the California Court of Appeal and denied. Lodged Documents (Lod. Doc.) 1, 2. However, petitioner concedes he did not appeal to the California Supreme Court on direct review. Opposition to Motion to Dismiss (Opposition) at 1-2. Petitioner did file a habeas petition with the California Supreme Court. Lod. Doc. 5. The petition only raised the claim that counsel was ineffective for failing to seek to exclude evidence of petitioner's prior crimes. Id. There was no reference to petitioner's other claim in the instant federal petition regarding a limiting instruction to the jury. Id. This petition

was denied without comment or citation on May 9, 2012.  Respondent's Reply at 3.  Thus, claim one should be stricken as unexhausted and the petition should continue solely on claim two.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss (Doc. 7) be granted and claim one should be stricken as unexhausted and this petition should continue solely on claim two; and

2. Respondent should file an answer to claim two, within 60 days, if these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
brow0217.mtd