1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELBERT BROWN,                          No.  2:12-cv-00217-MCE-AC

12              Petitioner,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   PEOPLE OF THE STATE OF
     CALIFORNIA,
15
                Respondent.
16

17
        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas
18
     corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for burglary and conspiracy to
19
     commit burglary.  ECF No. 1 at 2.  The petition alleges that trial counsel was ineffective for
20
     failing to seek to exclude petitioner's prior convictions.  ECF No. 1 at 3.  Respondent has
21
     answered, ECF No. 17, and petitioner has filed a traverse, ECF No. 21.
22
        For the reasons that follow, the undersigned recommends that the petition be denied.
23
     I.     Factual Background
24
        Petitioner was charged with first degree burglary, with an enhancement because another
25
     person other than an accomplice was present in the residence; conspiracy to commit burglary; and
26
     resisting or obstructing a peace officer.  C.T. 81-83.[1]  The information also alleged five
27

28   _____
     [1] "C.T." refers to the Clerk's Transcripts lodged by the respondent in the instant case.

                                            1

1   enhancements based on petitioner's prior prison terms.  C.T. 83-84.

2          During motions in limine, defense counsel acknowledged that if petitioner chose to testify,

3   he would be subject to impeachment with his prior convictions.  1 R.T. 10.[2]  Petitioner's record

4   included misdemeanor and drug convictions from the early 1980's and mid-1990's, as well as

5   five felony convictions between 2000 and 2008.  1 R.T. 10-12.  One felony conviction was for

6   petty theft with a prior.  1 R.T. 10; C.T. 161-162.  The other four felony convictions were for

7   burglary.  1 R.T. 11.

8          Defense counsel recognized that it would be "realistic to expect some of [petitioner's]

9   prior convictions to be used for impeachment" purposes, but asked that the court not admit his

10   entire record.  1. R.T. 10.  He argued that use of petitioner's entire record would be cumulative

11   and requested that the court limit impeachment to crimes of moral turpitude that occurred within

12   the past ten years.  1 R.T. 10-11.  The district attorney argued that the convictions showed a

13   "complete lack of any time period where [petitioner] was not committing and being convicted" of

14   crimes of moral turpitude.  1 R.T. 11-12.  The trial court ruled that if petitioner chose to testify,

15   the district attorney would be allowed to impeach him only with felonies committed between

16   2000 and 2008.  1. R.T. 12.

17          At trial, petitioner testified that he had been mad at the victim and told his friend to throw

18   a flower pot through her window, 2 R.T. 326, but maintained that he did not burglarize her house

19   and had no intent to do so, 1 R.T. 295.  During direct examination, petitioner testified that he had

20   been on probation for burglary, but never for residential burglary.[3]  1 R.T. 282, 300.  On cross,

21   petitioner admitted that he had been convicted five times between 2000 and 2008,[4] and that four

22   of those convictions were for burglary.  2 R.T. 307-308.  When the district attorney asked

23   _____

[2] "R.T." refers to the reporter's transcripts filed by respondent.  The number preceding "R.T."
24   refers to the specific volume.

[3] During the prosecution's case in chief, the victim testified that she received a phone call from
25   someone who claimed to be petitioner's probation officer, 1 R.T. 98, who told her that petitioner
     had been on probation for a previous burglary, 1 R.T. 109.  Defense counsel requested a limiting
26   instruction with respect to petitioner's testimony that he had been on probation for burglary, 1
     R.T. 18-19, which the court gave, 1 R.T. 19, 99, 109; 2 R.T. 365.
27
[4] Petitioner admitted that he had been convicted of felonies in 2000, 2002, 2004, 2007, and 2008.
28   2 R.T. 306-308.

2

1   petitioner if he committed burglaries every time he had been out of custody for the past 10 to 12

2   years, he answered in the affirmative.  2. R.T. 308.  Defense counsel did not object or seek a

3   limiting instruction with respect to this testimony.

4       On July 1, 2010, the jury found petitioner guilty on all counts.  2 R.T. 408-409.  Following the

5   jury trial, petitioner admitted the enhancement allegations based on his prior prison terms.  2 R.T.

6   414-415, 417.  Petitioner was sentenced to an aggregate term of 11 years in state prison.  2 R.T.

7   436.

8      II.     Direct Appeal

9       Petitioner timely appealed, and the California Court of Appeal for the Third Appellate

10   District affirmed the conviction in an unpublished opinion dated August 11, 2011.  Lodged Doc.

11   No. 2.[5]  Petitioner did not appeal to the California Supreme Court on direct review.  ECF No. 10

12   at 1-2; ECF No. 14 at 2.

13      III.    State Habeas Proceedings

14       Petitioner filed a state habeas petition in the California Court of Appeal for the Third

15   Appellate District, Lodged Doc. No. 3, which was summarily denied on December 22, 2011,

16   Lodged Doc. No. 4.  Petitioner later filed a habeas petition with the California Supreme Court,

17   Lodged Doc. No. 5, which was denied without comment or citation on May 9, 2012, Lodged Doc.

18   No. 6.[6]

19      IV.    Federal Habeas Proceedings

20       The instant federal habeas petition was filed on January 26, 2012.  ECF No. 1.  It includes

21   two claims: (1) ineffective assistance of counsel for failing to request a limiting instruction

22   regarding petitioner's prior crimes; and (2) ineffective assistance of counsel for failing to seek to

23   exclude petitioner's prior crimes.  ECF No. 1 at 3.  Respondent filed a motion to dismiss the

24   petition for failure to exhaust state remedies because Claim One was never presented to the

---

25   [5] Respondent filed two sets of lodged documents in this case.  The first set was filed on April 2,

26   2012.  ECF No. 8.  The second set was filed on February 6, 2013.  ECF No. 18.  Both sets begin
with "Lodged Document 1," despite containing different documents.  See ECF No. 8, 18.  Unless

27   otherwise noted, this court refers to the lodged document numbers assigned in the Notice of
Lodging filed April 2, 2012.

28   [6] Lodged Doc. 6 is from the set of lodged documents filed February 6, 2013, ECF No. 18.

1    California Supreme Court.  ECF No. 7 at 5; ECF No. 13 at 2.  This court granted respondent's

2    motion and Claim One was stricken as unexhausted.  ECF No. 14 at 3; ECF No. 15 at 2.

3    Petitioner was directed to proceed solely on Claim Two.  ECF No. 15 at 2.  Accordingly, Claim

4    Two is the only claim that will be addressed below.

5         V.        Standards Governing Habeas Relief Under the ADEPA

6              28 U.S.C. § 2254, as amended by the AEDPA, provides in relevant part as follows:

7                      (d) An application for a writ of habeas corpus on behalf of a person
                       in custody pursuant to the judgment of a state court shall not be
8                      granted with respect to any claim that was adjudicated on the merits
                       in State court proceedings unless the adjudication of the claim—
9

10                     (1) resulted in a decision that was contrary to, or involved an
                       unreasonable application of, clearly established Federal law, as
                       determined by the Supreme Court of the United States; or
11

12                     (2) resulted in a decision that was based on an unreasonable
                       determination of the facts in light of the evidence presented in the
                       State court proceeding.
13

14           The statute applies whenever the state court has denied a federal claim on its merits,

15   whether or not the state court explained its reasons.  Harrington v. Richter, 131 S. Ct. 770, 785

16   (2011).  State court rejection of a federal claim will be presumed to have been on the merits

17   absent any indication or state-law procedural principles to the contrary.  Id. at 784-785 (citing

18   Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is

19   unclear whether a decision appearing to rest on federal grounds was decided on another basis)).

20   "The presumption may be overcome when there is reason to think some other explanation for the

21   state court's decision is more likely."  Id. at 785.

22           The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal

23   principle or principles" previously articulated by the Supreme Court.  Lockyer v. Andrade, 538

24   U.S. 63, 71-72 (2003).  Clearly established federal law also includes "the legal principles and

25   standards flowing from precedent."  Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002)

26   (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).  Only Supreme Court precedent

27   may constitute "clearly established Federal law," but circuit law has persuasive value regarding

28   what law is "clearly established" and what constitutes "unreasonable application" of that law.

4

1   Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044,

2   1057 (9th Cir. 2004).

3          A state court decision is "contrary to" clearly established federal law if the decision

4   "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529

5   U.S. 362, 405 (2000).  A state court decision "unreasonably applies" federal law "if the state

6   court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to

7   the facts of the particular state prisoner's case." Id. at 407-08.  It is not enough that the state court

8   was incorrect in the view of the federal habeas court; the state court decision must be objectively

9   unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

10          Review under § 2254(d) is limited to the record that was before the state court. Cullen v.

11   Pinholster, 131 S. Ct. 1388, 1398 (2011).  The question at this stage is whether the state court

12   reasonably applied clearly established federal law to the facts before it. Id.  In other words, the

13   focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399.  Where the

14   state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the

15   state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th

16   Cir. 2008) (en banc).  A different rule applies where the state court rejects claims summarily,

17   without a reasoned opinion.  In Richter, supra, the Supreme Court held that when a state court

18   denies a claim on the merits but without a reasoned opinion, the federal habeas court must

19   determine what arguments or theories may have supported the state court's decision, and subject

20   those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

21      VI.     Ineffective Assistance of Counsel

22

23          Petitioner argues that his trial counsel's ineffective performance deprived him of due

24   process and violated his Sixth Amendment right to counsel.[7]  Lodged Doc. No. 1 at 9, 10.

25

26   [7] Respondent contends petitioner's claim should be denied as conclusory because his federal
     habeas petition "consists of a single sentence without reference to the record or any document."
27   ECF No. 17 at 15.  However, based on petitioner's pro se status, the court construes his petition
     liberally and has carefully reviewed the record for facts that support his claim. See Haines v.
28   Kerner, 404 U.S. 519, 520 (1972).

1   Specifically, petitioner alleges that trial counsel failed to object or to seek to exclude petitioner's

2   prior burglary convictions, which the district attorney used to impeach petitioner.  Lodged Doc.

3   No. 1 at 9.  Petitioner argues that counsel's deficient performance prejudiced him because the

4   convictions would not have been admitted had counsel objected or made a motion to exclude

5   them.  Id. at 12-13.

6               A.  Clearly Established Federal Law

7               To establish a constitutional violation based on ineffective assistance of counsel, a

8   petitioner must show (1) that counsel's representation fell below an objective standard of

9   reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v.

10  Washington, 466 U.S. 668, 692, 694 (1984).  Prejudice means that the error actually had an

11  adverse effect on the defense.  There must be a reasonable probability that, but for counsel's

12  errors, the result of the proceeding would have been different.  Id. at 693–94.  The court need not

13  address both prongs of the Strickland test if the petitioner's showing is insufficient as to one

14  prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

15  sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

16  The United States Supreme Court has emphasized that "[t]he standards created by Strickland and

17  § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly'

18  so."  Richter, 131 S. Ct. at 788 (internal quotations and citations omitted).  The determination to

19  be made on federal habeas review, therefore, is not whether counsel acted reasonably, but

20  "whether there is any reasonable argument that counsel satisfied Strickland's deferential

21  standard."  Id.

22               B.  Last Reasoned State Court Opinion

23               The California Court of Appeal decision, Lodged Doc. No. 2, constitutes the last reasoned

24  decision on the merits of petitioner's claim in this case because the state supreme court denied

25  discretionary review.  See Ylst v. Nunnemaker, 501 U.S. 797 (1991).  Accordingly, it forms the

26  basis of this court's AEDPA review for reasonableness.  See 28 U.S.C. § 2254(d).  Because the

27  appellate court adjudicated the claim in a reasoned opinion, review under § 2254(d) is confined to

28  "the state court's actual reasoning" and "actual analysis."  Frantz, 533 F.3d at 738.

1    The court of appeal rejected petitioner's claim that his trial counsel was ineffective for

2  failing to object or make a motion to exclude his prior burglary convictions for impeachment

3  purposes.  Lodged Doc. No. 2 at 9.  The court reasoned that in order "[t]o determine if

4  defendant's trial counsel was ineffective [], we must examine whether defendant's prior burglary

5  convictions would have been excluded if trial counsel had objected to or moved to exclude the

6  evidence."  Id. at 5.  The court then analyzed the relevant state law factors bearing on

7  admissibility of prior crimes for impeachment purposes, governed by People v. Beagle, 6 Cal.3d

8  441, 453-454 (1972), and held as follows:

9
> On balance, we conclude that the Beagle factors would have
10
> favored admission of defendant's prior burglary convictions if
> defense counsel had made a motion to exclude those priors.
11
> Consequently, defense counsel cannot be found ineffective for
> failing to make a motion that ultimately would have been futile.
12
> Given the weight of the Beagle factors toward admission, defense
> counsel made a reasonable tactical choice in seeking to exclude as
13
> many prior convictions as he could, leaving only felony convictions
> from 2000 to 2008 available to the prosecutor for impeachment.

14  Lodged Doc. No. 2 at 6-9.

15                    C.  Objective Reasonableness Under § 2254(d)

16    The state court did not unreasonably apply the Strickland standard.  The court first

17  determined that as a matter of state law, the trial court was not required to exclude petitioner's

18  prior burglary convictions.  Lodged Doc. No. 2 at 9.  This determination of state law by the state

19  appellate court is binding on this court.  See, e.g., Bradshaw v. Richey, 546 U.S. 74, 76 (2005)

20  ("[A] state court's interpretation of state law, including one announced on direct appeal of the

21  challenged conviction, binds a federal court sitting in habeas corpus."); Hicks v. Feiock, 485 U.S.

22  624, 629-30 (1988) (state appellate court's determination of state law is binding and must be

23  given deference).

24    Based on its determination that any objection or motion to exclude petitioner's prior

25  convictions would have been futile, the state court concluded that petitioner's counsel could not

26  be found ineffective for failing to take a futile action.  Lodged Doc. No. 2 at 9.  Federal law

27  supports the state court's conclusion: since exclusion of the prior crimes evidence was not

28  warranted as a matter of state law, counsel cannot be found to have been deficient for not

7

1  requesting exclusion of the evidence.  See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996)

2  ("[T]he failure to take a futile action can never be deficient performance [.]"); see also Boag v.

3  Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not

4  constitute ineffective assistance.").  Accordingly, rejection of this claim was consistent with, and

5  a reasonable application of, the Strickland standard.  Thus, the undersigned finds that petitioner's

6  ineffective assistance of counsel claim is meritless based on lack of deficient performance and

7  denies relief on that basis.

8      VII.    Conclusion

9        Accordingly, IT IS RECOMMENDED that petitioner's application for federal habeas

10  corpus be denied.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

16  he shall also address whether a certificate of appealability should issue and, if so, why and as to

17  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

18  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.  §

19  2253(c)(3).   Any response to the objections shall be filed and served within fourteen days after

20  service of the objections.  The parties are advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

22  F.2d 1153 (9th Cir. 1991).

23  DATED: October 14, 2014

24  _____

ALLISON CLAIRE
25  UNITED STATES MAGISTRATE JUDGE

26

27

28

8